UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00715-JAK-MBK | Date | July 23, 2025 |
| Title | Daniel Diaz v. Warden CSP- Calipatria | | |

Present: Hon. Michael B. Kaufman, U.S. Magistrate Judge

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Petitioner: | Attorneys for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**   ORDER FOR PETITIONER TO SHOW CAUSE WHY HIS PETITION SHOULD NOT BE DISMISSED

    This is a federal habeas corpus proceeding. On March 14, 2025, Petitioner, Daniel M. Diaz, who is represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The filing fee is paid in full. Dkt. 1. Petitioner argues that he is entitled to resentencing under AB 333.[1] *Id.* at 5. Petitioner has also filed a separate brief explaining the grounds for the relief he seeks (Dkt. 2) and attaches six exhibits to the brief. Dkt 2-1. These exhibits consist of the docket from Petitioner's criminal case (Case No. RIF1105942), the criminal complaint, the preliminary hearing transcript, and Petitioner's Motion to Vacate his Sentence with exhibits attached thereto. *Id.* at 3.

    The Court conducted a preliminary review of the petition pursuant to Rule 4 of the Habeas Rules. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Rule 4 of the Habeas Rules allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…" *Id.* It appears that the petition is subject to dismissal under Rule 4 on two grounds. First, Petitioner seeks relief that is not

---

[1] AB 333 amended California Penal Code section 186.22, a provision that defines the elements necessary to prove a gang enhancement. AB 333 went into effect on January 1, 2022. Under California law, AB 333 is retroactive to any case that was not final on appeal as of the law's effective date. *People v. Ramos*, 77 Cal. App. 5th 1116, 1126 (2022). However, it does not apply to cases that became final prior to the effective date. *Joe v. Schultz,* No. 2:23-cv-10424-JLS-KES, 2024 WL 4467597 (C.D. Cal. Aug. 29, 2024), *adopted,* No. 2:23-CV-10424-JLS-KES, 2024 WL 4668503 (C.D. Cal. Nov. 4, 2024).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00715-JAK-MBK | Date | July 23, 2025 |
|---|---|---|---|
| Title | Daniel Diaz v. Warden CSP- Calipatria | | |

cognizable on federal habeas review. Second, it appears that Petitioner has not exhausted his claims before the state courts.

### 1. The Petition raises claims not cognizable on federal habeas relief

A federal court may only grant federal habeas relief upon a showing that the petitioner is in custody in violation of the Constitution, laws, or treatises of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A court may not grant federal habeas relief for errors of exclusively state law. *Wilson v. Corcoran*, 562 U.S. 1, 5, (2010). Petitioner's claimed eligibility for resentencing arises out of state law, Assembly Bill 333. As a result, it appears that Petitioner's claim is not cognizable on habeas corpus review. *See Malone v. Gastelo*, No. 21-cv-04335 JLS-RAO, 2022 WL 14966301, at *5 (C.D. Cal. Aug. 30, 2022), *adopted*, 2022 WL 15173364 (C.D. Cal. Oct. 25, 2022) (finding that a state court's denial of resentencing under section 1172.6 does not raise a cognizable issue on federal habeas review); *Joe v. Schultz*, No. 23-10424, 2024 WL 4467597, at *7 (C.D. Cal. Aug. 29, 2024) (dismissing AB 333 claim as "not cognizable on federal habeas review"); *Nash v. Cal. Dep't of Corr. Rehab.*, No. 24-00437, 2024 WL 312670, at *2 (C.D. Cal. Jan. 26, 2024) ("AB 333 is a matter of state law.").

Petitioner argues that AB 333 violates the due process guarantees of the Fourteenth Amendment because it does not apply retroactively to cases finalized prior to its January 1, 2022 effective date. Dkt. 2 at 14-15. Petitioner argues this non-retroactive application violates the Fourteenth Amendment because it constitutes an *ex post facto* law and denies Petitioner equal protection under the law because it "creates an arbitrary classification between individuals whose cases are final and those whose cases are not." Dkt. 2 at 15. However, states may permissibly determine whether and how to apply their newly-enacted laws retroactively. Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). To present a viable claim on habeas based on an error of state law, a petitioner must show that the alleged state law error was "so arbitrary and capricious as to constitute an independent due process … violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (citation omitted); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.") (citation omitted)). Petitioner has not alleged any facts that establish how the state court's application of AB 333 is so arbitrary and capricious as to constitute an independent violation of the Fourteenth Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00715-JAK-MBK | Date | July 23, 2025 |
|---|---|---|---|
| Title | Daniel Diaz v. Warden CSP- Calipatria | | |

Because Petitioner's petition does not present a colorable federal claim, it is subject to dismissal.

**2. Petitioner's claims appear to be unexhausted.**

Before a federal court may consider a state prisoner's petition for writ of habeas corpus under 18 U.S.C. § 2254, the petitioner must first exhaust their remedies in state court. "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents them to a federal court in a habeas petition." *O'sullivan v. Boerckel*, 26 U.S. 838, 842 (1999). Exhaustion requires the prisoner's claims and grounds for relief be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). To "fairly present" a federal claim to the state courts, the prisoner must describe both the operative facts and the precise federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). The petitioner bears the burden of showing compliance with the exhaustion requirement. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

It appears that Petitioner has not exhausted his claims in state court. On the form petition submitted to this Court, Petitioner represents that he has not filed a direct appeal, or a petition for writ of habeas corpus, raising the claims presented to this Court with the state courts. Dkt. 1 at 2-5. Concurrent with filing the instant petition, Petitioner filed a memorandum that is addressed to the "Honorable Court of Appeal." Dkt. 2 at 5. However, it is unclear whether this brief was submitted to the California Court of Appeal, and if so, whether the appeal is pending or if an opinion has been issued. Because Petitioner's claims appear to be unexhausted, his petition is subject to dismissal.

Before the Court recommends dismissal of the action on these grounds, the Court will give Petitioner an opportunity to respond. Petitioner is therefore ORDERED to show cause why they Court should not recommend dismissal of the Petition for failure to raise a cognizable claim and for failure to exhaust. Petitioner shall respond on or before **August 22, 2025.**

**Petitioner is warned that failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00715-JAK-MBK | Date | July 23, 2025 |
| Title | Daniel Diaz v. Warden CSP- Calipatria | | |

**IT IS SO ORDERED.**